```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| I.D., and T.D. and A.D., individually as parents and next friends of I.D., Plaintiffs | : : : : |
| vs. | : CIVIL NO. 1:CV-03-1874 |
| CUMBERLAND VALLEY SCHOOL DISTRICT, Defendant | : : : |

M E M O R A N D U M

I.  Introduction

We are considering two motions in limine filed by the Defendant, Cumberland Valley School District. The first motion seeks to exclude the testimony and expert report of Andrew M. Kline based primarily on the factors set out in the Supreme Court's opinion in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). The second motion seeks to exclude the testimony of Dr. Peter J. Meyer and Mr. Kline (should we deny the first motion) as it relates to any alleged harassment suffered by I.D.

II.  Discussion

   A.  *Daubert* motion

Federal Rule of Evidence 702, pertaining to expert testimony, provides that:

> [i]f scientific, technical, or other
> specialized knowledge will assist the trier
> of fact to understand the evidence or to
> determine a fact in issue, a witness
> qualified as an expert by knowledge, skill,
> experience, training, or education, may
> testify thereto in the form of an opinion or
> otherwise, if (1) the testimony is based
> upon sufficient facts or data, (2) the
> testimony is the product of reliable
> principles and methods, and (3) the witness
> has applied the principles and methods
> reliably to the facts of the case.

"In *Daubert*, [the Supreme Court] held that Federal Rule of Evidence 702 imposes a special obligation upon a trial judge to 'ensure that any and all scientific testimony...is not only relevant, but reliable.'"  *Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, 147, 119 S. Ct. 1167, 1174, 143 L. Ed. 2d 238, 249 (1999)(*citing Daubert*, 509 U.S. at 589, 113 S. Ct. at 2795, 125 L. Ed. 2d at 480).  The Court in *Kumho* extended this "general 'gatekeeping' obligation" to expert testimony based on "technical" and "other specialized knowledge."  *Kumho*, 536 U.S. at 141, 119 S. Ct. at 1171, 143 L. Ed. 2d at 246.

The Third Circuit, relying on *Daubert*, has interpreted Rule 702's "restrictions on expert testimony" as falling into three categories: "qualification, reliability and fit." *Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003). Qualifications, or "specialized expertise," should be evaluated "liberally" as "a broad range of knowledge, skills, and training

qualify an expert." *Id*. (citation and internal quotation omitted). A potential expert's testimony is reliable if there are "good grounds" supporting his conclusions. *Id*. A trial court has considerable latitude in determining how to evaluate the reliability of a potential expert's opinion. *Kumho*, 536 U.S. at 152, 119 S. Ct. at 1176, 143 L. Ed. 2d at 252-253. Finally, in order for a potential expert's testimony to be "fit" for a particular case, it "must be relevant for the purposes of the case and must assist the trier of fact." *Schneider*, 320 F.3d at 404. The burden is on the proponent of the testimony, in this case the Plaintiffs, to establish admissibility by a preponderance of the evidence. *Padillas v. Stork-Gamco, Inc.*, 186 F.3d 412, 417-8 (3d Cir. 1999).[1]

     The Defendant raises three challenges to the admissibility of Mr. Kline's testimony and report. First, the District argues that Mr. Kline is not qualified to testify as an expert in this case. The Defendant also contends that Mr. Kline's report and testimony are not reliable. Finally, the

---

[1] Neither party has requested a *Daubert* hearing. A hearing is not required every time an objection is raised under *Daubert* and it is within our discretion to hold a hearing should we determine that one is necessary. *Padillas*, 186 F.3d at 418. However, having reviewed the evidence submitted, we find that a hearing is not needed to resolve the instant motion.

District maintains that Mr. Kline's report contains improper legal conclusions and opinions.

In support of its first argument, the District asserts that Mr. Kline does not have sufficient training or experience with Tourette's Syndrome or Obsessive Compulsive Disorder (OCD) to assist the trier of fact in making a decision.  The Defendant argues that because he lacks sufficient training or experience with these disorders, Mr. Kline is not qualified to offer an opinion on an appropriate educational program for a person suffering from those disorders.  The Plaintiffs contend that Mr. Kline is more than qualified to offer an opinion on compliance with the Individuals with Disabilities Education Act (IDEA) and Rehabilitation Act, regardless of their particular disorder.  To support their argument Plaintiffs rely primarily on Mr. Kline's extensive experience as a Special Education Due Process Hearing Officer for the state of Pennsylvania.

The "specialized knowledge" required of an expert by Rule 702 "'can be practical experience as well as academic training and credentials.'"  *Waldorf v. Shuta*, 142 F.3d 601, 625 (3d Cir. 1998)(*citing American Tech. Resources v. United States*, 893 F.2d 651, 656 (3d Cir. 1990); *see also Betterbox Communications Ltd v. BB Technolognies, Inc.*, 300 F.3d 325, 327 (3d. Cir. 2002).  While the knowledge requirement is interpreted liberally, "at a minimum, a proffered expert witness...must

4

possess skill or knowledge greater than the average layman...." *Waldorf*, 142 F.3d at 625 (*citing Aloe Coal Co. v. Clark Equip. Co.*, 816 F.2d 110, 114 (3d. Cir. 1987); *see also Betterbox*, 300 F.3d at 328. "...[O]rdinarily an otherwise qualified witness is not disqualified merely because of a lack of academic training." *Waldorf*, 142 F.3d at 626.

Mr. Kline's curriculum vitae indicates that he has a Masters degree in Education and a Post-Masters and Special Education Certification as a supervisor of special education. (Doc. 50, Def. Motion in Limine, Ex. A, p. 1). He has approximately twenty-six years of experience as a special education administrator. (*Id.*). From 1971-1974, he worked at a number of educational institutions for emotionally disturbed adolescents where he participated in therapeutic education with the children. (*Id.* at pp. 1-2). Mr. Kline was a Pennsylvania Special Education Due Process Hearing Officer for approximately seventeen years. (*Id.* at p. 2). He is certified by the Pennsylvania Department of Education as a supervisor of special education and as a teacher of the mentally and physically disabled. (*Id.*). As a program auditor for the Pennsylvania Department of Special Education, he approved private schools in special education and audited special education compliance and quality assurance. (Id. at p. 3). Mr. Kline has presented approximately seventeen major topical presentations since 1972

in the areas of special education and the legal rights of children with special needs in Pennsylvania. (Id. at pp. 3-4).

At his deposition, Mr. Kline testified that he has attended workshops and seminars addressing Tourette's Syndrome, with the most recent being in the mid-1990s (approximately 1995). (Doc. 50, Def. Motion in Limine, Ex. C, pp. 11-12). His most recent training in OCD was in the 1980s. (*Id*. at p. 12). Mr. Kline supervised children with both Tourette's Syndrome and OCD while he was an administrator. (*Id*. at p. 11, 13). During his time as a due process hearing officer for Pennsylvania, Mr. Kline heard cases involving students with Tourette's Syndrome. (*Id*. at p. 11). He also worked with adolescent OCD patients while working at various psychiatric hospitals in the early 1970s. (*Id*. at p. 12-13).

Given his seventeen years of experience as a hearing officer with the Pennsylvania Department of Education, his approximately twenty-six years of experience as a special education administrator, his state certifications, and his other special education experiences, we find that Mr. Kline "possess[es] skill or knowledge greater than the average layman" in IDEA and Rehabilitation Act compliance. Specifically, his work as a hearing officer required him to make decisions regarding the adequacy of education plans under both acts. The Defendant's argument appears to be that Mr. Kline must not only

6

be an expert in IDEA and Rehabilitation act compliance, but also an expert in Tourette's Syndrome and OCD.  However, the District has offered no evidence to show that this is required.  Additionally, while his academic training in I.D.'s disorders may be slim, Mr. Kline testified that he supervised special education programs that included children diagnosed with Tourette's Syndrome and OCD and that he heard cases involving children with Tourette's Syndrome as a hearing officer.  Taking all of Mr. Kline's experience into consideration, we find that he is qualified to testify as an expert in IDEA and Rehabilitation Act compliance.  *See, e.g. Knight v. Otis Elevator Co.*, 596 F.2d 84, 87-88 (3d Cir. 1979)(holding that the general knowledge that an engineer had about machine safety qualified him as an expert even though he did not have specific knowledge about the device in question).

      The Defendant's second argument is that the conclusions reached by Mr. Kline in his report are unreliable because he failed to interview I.D. or read I.D.'s deposition, interview I.D.'s parents prior to authoring the report, observe I.D. in the classroom, interview any District employees, or interview any students who are alleged to have bullied or harassed I.D.  The Plaintiffs respond by pointing out that the District has not explained how Mr. Kline's opinion may have been changed if he had reviewed the factors listed, what information

7

he may have gained from the interviews, or how conducting the interviews would be germane to determining the appropriateness of the District's response.

"...[A] trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho*, 526 U.S. at 152, 119 S. Ct. at 1176, 143 L. Ed. 2d at 252.  In cases where the testimony does not involve scientific evidence, as in the instant case, the factors identified by the Supreme Court in *Daubert* should only be used where they are "reasonable measures of the reliability of expert testimony." *Id*.  In such cases, a more appropriate measure of an expert's reliability may be his "'personal knowledge or experience.'" *Betterbox*, 300 F.3d at 329(citation omitted).

Mr. Kline's report indicates that he reviewed: (1) the Federal Complaint; (2) the Defendant's answer to the Federal Complaint; (3) the transcript of the due process hearing held December 18, 2002, and January 13, 2003; (4) the District's exhibit book for the due process hearing; (5) the parent's exhibit book for that hearing; (6) I.D.'s records from the 21st Century Cyber Charter school; (7) Dr. Peter J. Meyer's July 5, 2004 psychiatric impact statement; (8) newspaper articles regarding updated discipline policies in the Cumberland Valley School District; (9) the District's newly adopted bullying

8

policy; (10) the Due Process Hearing Officer's decision of January 26, 2003; (11) and the Special Education Appeals Panel decision of March 10, 2003.  First, the transcript of the due process hearing included the testimony of I.D.'s parents and the school administrators.  The Defendant has failed to establish what further information Mr. Kline may have needed from these individuals to offer a reliable opinion.  Second, we note that it would have been impossible for Mr. Kline to observe I.D. in the classroom because by the time he was brought into the case, I.D. was no longer at Cumberland Valley High School.  (Doc. 50, Def. Motion in Limine, Ex. C, p. 37).  Third, although Mr. Kline did not interview or observe I.D., or interview students who allegedly harassed I.D., his opinion is based upon:(1) the same information that was available to the Due Process Hearing Officer; and (2) additional information that may not have been available to the hearing officer.  We fail to see how Mr. Kline's reliance on these resources is an insufficient basis for his opinion.  Finally, as we previously discussed, Mr. Kline has extensive experience in IDEA and Rehabilitation Act compliance. He testified at his deposition that he relied upon not only the records he reviewed, but his experiences in the field in forming his opinion.  (*Id*. at p. 24).  Based on Mr. Kline's experience and the information that he reviewed, we cannot find that his opinion is unreliable.

9

The District's final argument is separate from its arguments under *Daubert*. The Defendant maintains that Mr. Kline's report consists of improper legal opinions and conclusions. As a result, the Defendant contends that his report and testimony should be excluded. The Plaintiffs argue that the testimony and report are offered to assist the trier-of-fact in determining what steps the District should have taken in providing I.D. with a free and appropriate public education (FAPE). The Plaintiffs maintain that the report is not offered for the legal conclusion that the District failed to offer I.D. a FAPE.

We agree with the Defendant that, as a general principle, experts are not permitted to offer testimony on issues of law. *Whitmill v. City of Philadelphia*, 29 F.Supp.2d 241, 246 (E.D.Pa. 1998). The District contends that Mr. Kline offers opinions on either pure questions of law or on mixed questions of law and fact that. However, while the Defendant has cited numerous cases to support the proposition that those types of opinions are not proper in an expert's testimony, it has offered no argument to support its assertions that Mr. Kline's opinions are, in fact, improper. We have reviewed Mr. Kline's report and found just one instance where his opinion constitutes a legal conclusion.

In the first sentence of page 9, Mr. Kline offers the opinion that the District denied I.D. a FAPE for his tenth grade year. (Doc. 50, Def. Motion in Limine, Ex. B, p. 9). This opinion is a conclusion as to the District's legal responsibility to I.D. While Mr. Kline may state his opinions as to the appropriateness of the services offered to I.D., he cannot state conclusions as to whether laws were violated. *See, e.g. Schieber v. City of Philadelphia*, 2000 WL 1843246 at \*8 (E.D.Pa. 2000)(holding that while an expert witness can testify to his opinion that police officers were not adequately trained to enter homes in exigent circumstances, he could not testify that there actions were constitutional violations). This one instance, however, can be corrected by the Plaintiffs prior to trial by redacting the improper opinion from Mr. Kline's report. Of course, the Defendant may raise any appropriate objections to Mr. Kline's trial testimony should the need arise.

    B.   <u>Harassment motion</u>

The Defendant's second motion in limine seeks to exclude the testimony and reports of Dr. Meyer and Mr. Kline to the extent that they refer to, or base their opinions on, the alleged harassment of I.D. The District argues that since we have already dismissed any claim involving harassment, Dr. Meyer and Mr. Kline's opinions regarding the alleged harassment are

11

not relevant.  The Plaintiffs argue that Dr. Meyer and Mr. Kline's opinions are relevant because although we dismissed the Plaintiffs' claim of a hostile educational environment, there are still numerous claims left which are grounded in the alleged harassment.

We must agree with the Plaintiffs.  Federal Rule of Evidence 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  We dismissed the hostile educational environment claim at the summary judgment stage.  However, this was not the only claim premised on the alleged harassment of I.D.  The alleged harassment I.D. suffered forms the basis for the Plaintiffs' claims of denial of a FAPE and discrimination under the Rehabilitation Act and the American's with Disabilities Act (ADA) and for a statutory violation of the IDEA, Rehabilitation Act, and the ADA.  While the facts may not have supported a claim for a hostile educational environment, they may still support the Plaintiffs' alternative theories of liability.  As

such, the testimony of Dr. Meyer and Mr. Kline is relevant to the remaining issues in the case.  Thus, we will deny the Defendant's motion and enter an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 5, 2005

```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


I.D., and T.D. and A.D.,           :
individually and as parents
and next friends of I.D.,          :
         Plaintiffs
                                   :

         vs.                       : CIVIL NO. 1:CV-03-1874

CUMBERLAND VALLEY SCHOOL           :
DISTRICT,
         Defendant                 :
```

O R D E R

AND NOW, this 5th day of October, 2005, it is ordered that:

    1.  The Defendant's motion in limine to exclude the testimony and expert report of Andrew M. Kline (doc. 49) is granted in part and denied in part.  Consistent with the attached memorandum, the Plaintiffs shall redact the appropriate portions of Mr. Kline's expert report prior to its submission at trial.

    2.  The Defendant's motion to exclude the testimony and reports of Dr. Peter J. Meyer and Andrew M. Kline (doc. 51) is denied.


                                    /s/William W. Caldwell
                                     William W. Caldwell
                                     United States District Judge