IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

I.D., and T.D. and A.D.,            :
individually and as parents
and next friends of I.D.,           :
          Plaintiffs
                                    :

          vs.                       : CIVIL NO. 1:CV-03-1874

CUMBERLAND VALLEY SCHOOL            :
DISTRICT,
          Defendant                 :

O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

          We are considering the Plaintiffs' motion in limine to

exclude certain testimony on the basis of res judicata, also known

as claim preclusion.  The Plaintiffs seek to prevent the

Defendant, Cumberland Valley School District, "from entering any

evidence to challenge whether I.D. was harassed while a student at

Cumberland Valley School District, or whether the District took

appropriate action to protect a student with a disability[.]"

(Doc. 62, Pl. Brief in Support, p. 4).

          The Plaintiffs argue that they are entitled to the

benefit of res judicata because the Special Education Due Process

Hearing Officer and the Education Appeals Panel found that the

Defendant had violated the Individuals with Disabilities Education

Act (IDEA) and Rehabilitation Act.  They contend that since the

District did not appeal these findings to either a state or

federal court, as allowed by the IDEA, the decisions of the

hearing officers are final and thus entitled to preclusive effect.

The District maintains that preclusion is not appropriate because

the current civil action and the previous administrative

proceedings have different burdens of proof.  At the

administrative level the District bore the burden of proof, while

in the current action the Plaintiffs have that burden.

"Under res judicata, a final judgment on the merits of

an action precludes the parties or their privies from relitigating

issues that were or could have been raised in that action."  *Allen

v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 414, 66 L. Ed. 2d

308, 313 (1980).  Federal Courts must give preclusive effect to a

judgement from a state court if the courts of that state would

give preclusive effect to the judgment.  *Allen*, 449 U.S. at 96,

101 S. Ct. at 415-6, 66 L. Ed. 2d at 314.  Pennsylvania courts

apply res judicata when the following elements are present: "(1)

identity of the thing sued for; (2) identity of the cause of

action; (3) identity of persons and parties to the action; [and]

(4) identity of the quality in the persons for or against whom the

claim is made."  *City of Pittsburgh v. Zoning Bd. of Adjustment of

City of Pittsburgh*, 522 Pa. 44, 54, 559 A.2d 896, 901 (Pa. 1989);

*Schultz v. City of Philadelphia*, 314 Pa.Super. 194, 199, 460 A.2d

833, 835 (Pa.Super. 1983); *Montour School Dist. v. S.T.*, 805 A.2d

29, 40 (Pa.Cmwlth. 2002); *Kellner v. Aetna Cas. & Sur. Co.*, 605 F.

Supp. 326, 330 (M.D.Pa. 1984)(Conaboy, J.).  Under Pennsylvania

law, an administrative decision can have preclusive effect if the

agency which issued the decision was "acting in a judicial

capacity and resolve[d] disputed issues of fact that the parties

had an opportunity to fully litigate."  *J.S. v. Bethlehem Area*

*School Dist.*, 794 A.2d 936, 940 (Pa.Cmwlth. 2002).

          We conclude that res judicata cannot apply in the

instant case because there is no "identity of the thing sued for."

At the Special Education Due Process Hearing, the parents sought

compensatory education for I.D.  (Doc. 41, Certified Admin.

Record, Doc. 6, p. 2).  In this proceeding, the Plaintiffs are

suing for monetary damages.  (Doc. 46, Amend. Compl.).  As such,

the doctrine cannot apply since the Plaintiffs are seeking a

different form of relief.  *Compare Gow v. Department of Educ.*, 763

A.2d 528, 532 (Pa.Cmwlth. 2000)(finding that res judicata did not

apply when the "thing sued for" in the first action was

plaintiff's employment while the "thing sued for" in the second

action was the plaintiff's certification), *with Schultz*, 314

Pa.Super. at 201, 460 A.2d at 836 (finding "identity of thing sued

for" when the relief sought in both cases was monetary

compensation).[1]

---

     [1] Collateral estoppel, or issue preclusion, is a
doctrine related to res judicata.  Under issue preclusion,

3

　　　　AND NOW, this 5th day of October, 2005, it is ordered

that the Plaintiffs' motion in limine to exclude testimony on the

basis of res judicata (doc. 61) is denied.


　　　　　　　　　　　　　　　　 /s/William W. Caldwell
　　　　　　　　　　　　　　　　William W. Caldwell
　　　　　　　　　　　　　　　　United States District Judge

---

"once a court has decided an issue of fact or law necessary
to its judgment, that decision may preclude relitigation of
the issue in a suit on a different cause of action involving
a party to the first case." *Allen*, 449 U.S. at 94, 101 S.
Ct. at 415, 66 L. Ed. 2d at 313.  While the Plaintiffs have
not sought preclusion under this doctrine, we note that
Pennsylvania courts appear hesitant to apply offensive
collateral estoppel in cases where the burden of proof may
differ between the administrative hearing and the civil
action. *Toy v. Metropolitan Life Ins. Co.*, 863 A.2d 1, 16
(Pa.Super. 2004).